KENTUCKY BAR ASSOCIATION,
Complainant,

v.

H. Randall STARNES, Respondent.

No. 93–SC–564–KB.

Supreme Court of Kentucky.

Oct. 28, 1993.

Scott D. Majors, Kentucky Bar Ass'n, Frankfort, for complainant.

John R. Leathers, Buchanan Ingersoll, Lexington, for respondent.

### ORDER OF PUBLIC REPRIMAND

In this disciplinary matter, the Board of Governors of the Kentucky Bar Association voted to find respondent, H. Randall Starnes, guilty on three counts of unprofessional conduct, and recommends a public reprimand as appropriate discipline.

Charge No. 2251 originated in Starnes' representation of a DUI defendant. On the day of trial, Starnes was afflicted with corneal abrasions caused by contact lenses. The judge's office was informed, although there is question as to whether the judge was personally informed, that Starnes would be unable to attend court. The judge proceeded to trial, and the defendant represented himself. After being found guilty, the client repeatedly over several days tried to communicate with Starnes, without success. Eventually, Starnes refunded the client's $500 attorney fee.

The Board voted to find Starnes guilty of violating SCR 3.130–1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

Charge No. 2606 arose out of Starnes's representation of a plaintiff in a products liability action in United States District Court. The client first consulted Starnes more than one year after the accident which was the subject of his claim. Starnes accepted a filing fee, entered into a contingent fee agreement, and filed the complaint. The defendant moved for summary judgment on grounds of a one-year statute of limitations and a lack of privity. Starnes filed no response, and the case was dismissed. Starnes did not promptly notify the client of the motion for summary judgment or of the dismissal.

The Board of Governors voted to find Starnes guilty on two counts under this charge: violation of DR 6–101(A)(3) in failing to respond to the motion for summary judgment and failing to inform his client of the dismissal; and violation of SCR 3.130–1.4(a) in failing to comply with the client's reasonable requests for information on the status of the case.

We recognize, as do the Association and the Board of Governors, that significant mitigating circumstances existed during the period in which these incidents occurred. The record indicates that Starnes was experiencing serious emotional and physical problems: a premature child, the death of a second newly-born child, divorce, temporary sole custody of young children; a pulmonary blood clot, diabetes, kidney stones, and corneal abrasions. Moreover, the Association has acknowledged Starnes's full cooperation with its investigation, as well as a "strong indication" that the respondent's inattention to his clients' cases has been corrected.

In view of all the circumstances, the Association urged public reprimand as appropriate discipline. The Board of Governors agreed, and this Court agrees. We therefore adopt the recommendation of the Board of Governors as to all matters. The respondent, H. Randall Starnes, is adjudged guilty under Charge No. 2251 of violating SCR 3.130–1.4(a); guilty under Count One of Charge No. 2696 of violating DR 6–101(A)(3); and guilty under Count Two of Charge No. 2696 of violating SCR 3.130–1.4(a).

The respondent, H. Randall Starnes, is hereby publicly reprimanded for the unprofessional conduct of which he has been adjudged guilty herein.

Pursuant to SCR 3.450, respondent, H. Randall Starnes, shall pay all costs of these proceedings, including the certified costs of the Kentucky Bar Association in the amount of $4,263.53.

All sitting. All concur.

/s/ Robert F. Stephens
Chief Justice